PeaesoN, J.
 

 The warrant was issued under the 24th and 25th sec. ch. 104 of the Rev. Stat. The draftsman evidently found it difficult to make the averment which the Statute re
 
 *467
 
 quires without making a variance from the facts of the case; The reason of this difficulty is, that the Statute does not apply to the case, and he was like a builder who attempts to force “ a piece” into a place for which it was not made, and finds that it will not fit, any way he can fix it; for instance, the warrant avers,
 
 “
 
 the mill was situate
 
 near
 
 the public roadThe words of the Statute are, “ whose mill is situate
 
 on
 
 any public roadAgain, the warrant avers,
 
 “
 
 there is a bridge attached to, or
 
 near
 
 the dam of the said mill over which the public road immediately passes.” The words of the Statute are,. “ attached to his or her mill-dam.” Here are two attempts to-force in a piece because it nearly fitted the place. The words “ over which the public road immediately passes,” show a singular transposition of the words of the Statute, ££ immediately over which a public road may run.” Here it is apparent the draftsman was pressed, because of the variance between the facts of the case before him and the words of the Statute. We give him credit for an ingenious transposition of the words of the Statute, by which, if taken in one sense, the words bring the offense within the meaning of the Statute,, although if taken in another, the Statute has no application.
 

 If the words “
 
 over which
 
 the public road immediately-passes,” refer to the mill dam, then upon the face of the warrant,, there is no defect: but upon the trial there was a fatal variance, for, as the case states, t£ it was in evidence, that the defendant was the owner of a water-mill, and that he bad obtained leave of the County Court to cut his
 
 mill race across the
 
 road, and was required <£ to build a good bridge and keep it up.” So the evidence was, that the road did not run over the mill-dam, but crossed the
 
 mill-race
 
 by means of the bridge. If the words
 
 “
 
 over which the public road immediately passes” refer to
 
 the bridge,
 
 then on the face of the warrant, there is a. fatal defect; for the words of the Statute are confined to cases-of
 
 mill-dams
 
 immediately over which a public road may run..
 

 No doubt, it will be a matter of surprise to many of the good citizens of the county of Macon, to be informed, that in the eastern portion of the State, mill-dams are embankments
 
 *468
 
 of dirt, over which the public roads run in many cases: so that the dam, and a bridge attached to the dam, form part and parcel of the public road. In the mountains, mill-dams are constructed of rock, or plank, fixed upon a suitable framework, and the idea of a mill-dam made of dirt or sand', so as to be made use of as a public road, will be new; but such is the fact, and the Statute under consideration, is confined by its terms to dams of this description, “immediately over which a public road may -run.” In our case, the evidence shows a 'bridge across a mill-race over which the, public road passes. The action cannot be maintained.
 

 The case falls within that supposed'in the opinion delivered,
 
 State
 
 v. Yarrell, 12 Ire. Rep. 130. The defendant is liable to indictment for a nuisance, in cutting a mill-race across a public road: he may justify, by showing- a license of the County Court, provided he is able to prove a compliance, on his part, with the terms on which the license was granted.
 

 His Honor was of opinion, that the bridge in question, might be sufficient within the terms of the order of Court, although it was only
 
 thirteen
 
 feet wide. This opinion was based upon the 24th sec. of the Statute, which, as we have seen, has no application to the present case. We refer to it simply for the purpose of excluding an inference, that in our opinion a bridge of that width would he sufficient, and need not be of the width which overseers of roads are required to make by the 14th sec. of the Act. In reference to this, we intimate no opinion, one way or the other. The judgment in favor of the defendant is affirmed upon the ground above stated.
 

 Re® OuRiAM. Judgment affirmed.